THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARIE VANWHY, Appellant.

County Court, Chenango County, December 17, 1941.

*C. Vernon Stratton,* for the appellant.

*Lester R. Mosher, District Attorney,* for the respondent.

BARNES, J. This is an appeal from a conviction of Marie VanWhy, a girl seventeen years of age, on a charge of vagrancy, under section 887 of the Code of Criminal Procedure, and from her sentence to the Westfield State Farm for three years.

A hearing was had and evidence produced upon which a conviction was found and the defendant sentenced.

The proof refers to CCC camp boys. The court takes judicial notice that this refers to the Civilian Conservation Camp personnel. There are several of these camps in this county, and it is common

knowledge that from these camps there goes forth an element of young men who are transients in the community, and the court takes judicial notice of the conduct of these young men in the community. Drawing the reasonable inferences from the testimony, a question of fact was presented to the justice upon which he was warranted in finding the defendant guilty of the charge of vagrancy. The question of intent is always a question of fact to be drawn from the facts proven, and this is no exception to that rule. It may be argued that the offense could be more properly catalogued under section 913-a of the Code of Criminal Procedure as a wayward minor, but that does not prevent the conviction under section 887. The defendant may have been guilty under both of these sections.

The justice was within his rights in sentencing the defendant to the maximum penalty provided by the law. The sentence is intended not as a punishment but for the best interest of the defendant. The Westfield State Farm is able to accept a person sentenced to an indefinite term and such a sentence gives it greater discretion in handling such a defendant and I believe it would be preferable that she be committed to an indefinite term not to exceed three years, in order to give more discretion to the institution where she is being cared for, as that institution will know better how long she should remain there for the best interests of the defendant.

The conviction is affirmed; sentence modified as indicated above. Submit order accordingly.